UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARRY ROSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOVIE TIMES, INC.,<br><br>　　　　Defendant. | Case No.  20-cv-07043-EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 17 |

Plaintiff Barry Rosen brings this action against Defendant Movie Times, Inc., alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501. Compl., Dkt. No. 1. Before the Court is Rosen's Motion for Default Judgment ("Mot."), through which he seeks statutory damages, an award of costs and reasonable attorneys' fees, and injunctive relief. Dkt. No. 17. Defendant has failed to plead, oppose, or otherwise defend. Having considered Rosen's papers, the Court **GRANTS** the Motion for Default Judgment.

## BACKGROUND

Rosen is a professional photographer of almost forty years. Compl. at 2. His photographs have been featured in advertising, editorials, and various print and digital media, worldwide. *Id*. Part of his work includes photographing celebrities. *Id*.

In 2005, Rosen photographed actress Jeri Ryan, and registered the photograph for copyright protection on February 28 of that year. *Id*. at 3; Compl., Ex. 1, Dkt. No. 1-1. That same day, the United States Copyright Office's Register of Copyrights assigned Rosen's work registration number VAu 660-267, and Rosen still holds this copyright today. *Id*. Rosen alleges that he "first discovered the infringement on July 18, 2018." Mem. of Points and Authorities in

1 Supp. of Pl.'s Mot. for Default J. ("Mem. in Supp."), Dkt. No. 17-1 at 2. He claims Movie Times, Inc. "prominently featured Rosen's Work on [Movie Times, Inc.'s] Website without permission", in "willful" violation of his copyright, "in order to advertise, market[,] and promote its business activities." Compl. at 2, 5.

**LEGAL STANDARD**

Default judgment may be granted when a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). The district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When determining whether to enter default judgment, the court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 10 Moore's Federal Practice § 55). And "[t]he general rule of law is that[,] upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944) and *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). "Upon entry of default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal." *Danning v Lavine*, 572 F2d 1386, 1388 (9th Cir 1978) (citations omitted).

**DISCUSSION**

**A.    Jurisdiction and Venue**

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
2

both the subject matter and the parties. . . . A judgment entered without personal jurisdiction over the parties is void") (citations omitted). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

### 1. Subject Matter Jurisdiction

District courts have original jurisdiction to hear civil cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff alleges Defendant committed copyright infringement in violation of 17 U.S.C. § 501. Compl. at 2. Because Plaintiff's claim arises under federal copyright law, the Court has original federal question jurisdiction over the action. 28 U.S.C. §§ 1331, 1338.

### 2. Personal Jurisdiction and Venue

The Court must also have a basis for the exercise of personal jurisdiction over the defaulting defendant. *See Tuli*, 172 F.3d at 712. The traditional bases for establishing and exercising personal jurisdiction over the defendant are domicile, physical presence, or consent. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). A corporation's domicile is the state in which the company's principal place of business is located or the state(s) in which the business is incorporated. *Id*.

> [T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Movie Times, Inc. is a California Corporation, operating in the Northern District of California, with its principal (if not sole) place of business in San Jose, California. Decl. of Jonah A. Grossbardt in Supp. of Application for Default J. ("Grossbardt Decl."), Dkt. No. 17-2 at 1-2; Compl. at 3; *Int'l Shoe*, 326 U.S. at 316-21;

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
3

*Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (personal jurisdiction exists where business has its "principal place of business" or "nerve center"). Thus, the Court has personal jurisdiction over Defendant.

Additionally, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**3.    Notice**

Personal jurisdiction also requires that the plaintiff provide notice, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Pursuant to Rule 4(h)(1) and 4(e)(1), "[u]nless federal law provides otherwise" or the defendant has filed a waiver, a corporation can be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California allows substituted service "after several attempts to personally serve the papers have failed", as is the case here. Service of Court Papers, Cal. Cts., https://www.courts.ca.gov/selfhelp-serving.htm#substituted. *See* Cal. Code Civ. Proc. § 415.20. The proof of service (which Rosen filed with the Court) of the Summons and Complaint provides a detailed physical description of the man at Movie Times, Inc.'s office who indicated he was in charge, refused to provide his name as he accepted service for Movie Times, Inc., and was told the nature of the document he accepted. Grossbardt Decl., Ex. 1, Dkt. No. 17-3. Additionally, a copy of the summons and complaint was mailed to Movie Times, Inc. at that same address. *Id*. Substituted service was successfully performed in compliance with all the necessary requirements, and therefore, notice was proper.

**B.    *Eitel* Factors**

**1.    Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor the Court considers is whether the plaintiff will suffer prejudice if

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
4

default judgment is not entered. A plaintiff is prejudiced if defendant's failure to appear or defend against the suit would leave plaintiff "without other recourse or recovery." *Khraibut v. Chahal*, 2021 U.S. Dist. LEXIS 58454, at *13, 2021 WL 1164940, at *5 (N.D. Cal. Mar. 26, 2021) (citing *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1089 (N.D. Cal. 2008)). *See also U.A. Local No. 467 Pension Tr. Fund v. Hydra Ventures Inc.*, 2013 U.S. Dist. LEXIS 34931, at *16, 2013 WL 1007311, at *6 (N.D. Cal. Mar. 13, 2013) ("[I]f the motion for default judgment were to be denied, then Plaintiff[] would likely be without a remedy"). Rosen alleges Movie Times, Inc. infringed upon his copyright. Given Movie Times, Inc. has not appeared or otherwise defended in this action, Rosen will be without a remedy or recourse for recovery unless default judgment is granted. *See, e.g., Ridola v. Chao*, 2018 U.S. Dist. LEXIS 84241, at *13-14, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff would be prejudiced if default judgment was not entered because plaintiff "would have no other means of recourse against Defendants for the damages caused by their conduct"); *see also Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners*, 2014 U.S. Dist. LEXIS 148665, at *15-16, 2014 WL 5281039, at *6 (N.D. Cal. Jan. 21, 2014) (citations omitted) ("Denying a plaintiff a means of recourse is by itself sufficient to meet the burden posed by this factor").

Therefore, the first *Eitel* factor weighs in favor of the Court granting default judgment.

**2.   Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint**

The second and third *Eitel* factors for the Court to consider are the merits of plaintiff's substantive claim and the sufficiency of the complaint, respectively. Often courts consider the second and third *Eitel* factors together, as they both require that the plaintiff's allegations "state a claim on which [plaintiff] may recover." *Kloepping v. Fireman's Fund*, 1996 U.S. Dist. LEXIS 1786, at *5, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). "After an entry of default, well-pled allegations in the complaint are deemed true except as to the amount of damages." *Adobe Sys. v. Marmoletos*, 2009 U.S. Dist. LEXIS 37558, at *3-4, 2009 WL 1034143, at *2 (N.D. Cal. Apr. 16, 2009) (citing *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

1   Plaintiff brought this action seeking relief—for Movie Times, Inc.'s alleged copyright
2   infringement—under 17 U.S.C. § 501.  Compl. at 2.  To establish a prima facie case of copyright
3   infringement, a plaintiff must demonstrate (1) ownership of a valid copyright for the allegedly
4   infringed material and that (2) the alleged infringing defendant violated at least one of plaintiff's
5   exclusive rights under 17 U.S.C. § 106.  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-
6   14 (9th Cir. 2001).

   A valid certificate of registration for a copyright, "made before or within five years after first publication of the work[,] shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c).  With his complaint, Rosen submitted to the Court a copy of his certificate of registration for the copyright, which was created the same year as the photograph.  Compl. at 3; Compl., Ex. 1.  Thus, he has demonstrated ownership of a valid copyright for the allegedly infringed material.

   Under 17 U.S.C. § 106, the copyright owner has "the exclusive rights" to reproduce, distribute, publicly display, and make derivatives of the copyrighted work (and to authorize others to do so).  Rosen alleges Movie Times, Inc. copied his original copyrighted photograph without his permission or consent, and without obtaining a license from him.  Compl. at 4.  He also claims the company distributed his photograph over the internet in advertising and promoting its business and its products and services, also without his permission or consent, and without obtaining a license from him.  *Id*. at 3-4; Compl., Ex. 2, Dkt. No. 1-2; Compl., Ex. 3, Dkt. No. 1-3.  Taking Rosen's allegations as true, the Court finds that Movie Times, Inc. violated Rosen's exclusive rights under 17 U.S.C. § 106.  Therefore, Rosen has established a prima facie case of copyright infringement, and the second *Eitel* factor weighs in favor of the Court entering a default judgment.

   Additionally, the allegations in the Complaint are well-pled.  Rosen has sufficiently pled the elements necessary to articulate a copyright infringement claim, and therefore the third *Eitel* factor weighs in favor of the Court granting default judgment.

   ///

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
6

### 3. Sum of Money at Stake in the Action

The fourth factor for the Court to consider is the sum of money at stake in the action. "[A] large sum of money at stake would disfavor default judgment." *Bd. of Trs. v. RBS Wash. Blvd, Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 1693, at *9, 2010 WL 145097, at *3 (N.D. Cal. Jan. 8, 2010) (citing *Eitel*, 782 F.2d at 1472 (the court did not abuse its discretion in denying default judgment in light of the material facts in dispute and plaintiff seeking three million dollars in damages)). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Bd. of Trs. v. Core Concrete Constr., Inc.*, 2012 U.S. Dist. LEXIS 14139, at *10, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, 2011 U.S. Dist. LEXIS 70532, at *7, 2011 WL 2600898, at *2 (the amounts sought were appropriate when Plaintiff provided adequate evidence to support them and tailored the amounts to the conduct alleged)). Ultimately, this factor balances "the amount of money at stake in relation to the seriousness of defendant's conduct." *United States v. Sundberg*, 2011 U.S. Dist. LEXIS 93653, at *13, 2011 WL 3667458, at *5 (N.D. Cal. Aug. 22, 2011) (citations omitted).

In the Complaint, Rosen alleged that Movie Times, Inc. used his photograph on the company's website, without his permission, "in order to advertise, market[,] and promote its business activities." Compl. at 2. As a result, Rosen seeks an award of willful statutory damages in the amount of $150,000 or, in the alternative, a statutory damages award of $25,000 for copyright infringement (plus interest), as well as an award of his costs ($502.50 plus interest) and reasonable attorneys' fees ($10,430 plus interest), and a permanent injunction enjoining Movie Times, Inc. from further infringement. Mot. at 8-14. "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 U.S. Dist. LEXIS 100237, at *33, 2007 WL 1545173, at *12 (N.D. Cal. Mar. 22, 2007).

The $150,000 figure is not supported by the evidence and would therefore not be appropriate. However, as discussed below, a measure of damages closer to yet exceeding $25,000

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

would be reasonable, as it would be supported by the evidence and thus sufficiently tailored to Defendant's conduct. Therefore, the fourth *Eitel* factor weighs in favor of the Court granting default judgment.

### 4. Possibility of a Dispute Concerning Material Facts

The fifth factor for the Court to consider is the possibility of a dispute concerning material facts. Here, Rosen asserts Movie Times, Inc. has engaged in copyright infringement. Compl. at 1. Movie Times, Inc. has failed to plead or otherwise defend in this action. Thus, there are no disputes as to Rosen's allegations. Additionally, Rosen submitted exhibits providing substantial evidence of the alleged infringing use of the photograph on Movie Times, Inc.'s public website. This renders the possibility of a dispute concerning material facts negligible, and therefore, the fifth *Eitel* factor weighs in favor of the Court granting default judgment.

### 5. Whether the Underlying Default Was Due to Excusable Neglect

The sixth *Eitel* factor the Court considers is whether the underlying default was due to excusable neglect. No facts in the present case indicate excusable neglect by the Defendant. The record shows Movie Times, Inc. has been properly served throughout this case, and that Rosen has tried to contact the company multiple times, to no avail. When a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion" for default judgment, their default "cannot be attributed to excusable neglect." *Ridola v. Chao*, 2018 U.S. Dist. LEXIS 84241, at *39, 2018 WL 2287668, at *13 (N.D. Cal. May 18, 2018) (quoting *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)). Thus, Movie Times, Inc.'s failure to respond to the complaint or to otherwise appear does not constitute "excusable neglect", and the sixth *Eitel* factor weighs in favor of the Court granting default judgment.

### 6. Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The final factor the Court considers is the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. While public policy favors deciding each case

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
8

on the merits, a defendant's "refusal to participate meaningfully in [the] litigation renders that impossible." *Garvin v. Tran*, 2011 U.S. Dist. LEXIS 132426, at *6, 2011 WL 5573995, at *2 (N.D. Cal. Nov. 16, 2011). Where a defendant refuses to litigate a case and default judgment is therefore the plaintiff's only recourse against the defendant, default judgment is appropriate. *Id*. *See also Johnson v. In Suk Jun*, 2020 U.S. Dist. LEXIS 207488, at *17-18, 2020 WL 6507995, at *6 (N.D. Cal. Nov. 5, 2020) (quoting *United States v. Roof Guard Roofing Co., Inc.*, 2017 U.S. Dist. LEXIS 215842, at *9, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome")). Here, Movie Times, Inc. has refused to litigate, having failed to plead, oppose, or otherwise defend. The seventh *Eitel* factor weighs in favor of the Court granting default judgment.

All the *Eitel* factors weigh in favor of the Court entering default judgment. Therefore, the Court **GRANTS** Rosen's Motion for Default Judgment.

### C. Relief Requested

#### 1. Damages

Rosen seeks statutory damages under the Copyright Act. Mot. at 8-11. The Copyright Act authorizes statutory damages of $750 to $30,000 per infringed work, 17 U.S.C. § 504(c)(1), but in "a case where the copyright owner sustains the burden of proving" that "infringement was committed willfully, the court in its discretion may increase the award of statutory damages" to up to $150,000 per infringed work, 17 U.S.C. § 504(c)(2). Here, Rosen seeks an award of statutory damages—for willful infringement—in the amount of $150,000 or, alternatively, a general statutory damages award of $25,000. Mot. at 8-11. Infringement is willful when done "with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1335 n.2 (9th Cir. 1990). However, "willfulness can also be inferred from [the alleged infringer's] failure to defend." *Microsoft Corp. v. Ricketts*, 2007 U.S. Dist. LEXIS 40898, at *11, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003)).

1    In light of Defendant Movie Times, Inc.'s default and general failure to respond or
2    otherwise defend in this action, the allegation of willful infringement pled in the Complaint is
3    admitted.  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (on
4    default, an allegation of willfulness is deemed admitted).  Rosen claimed that Movie Times, Inc.
5    willfully infringed on his copyright, and he became aware of the willfully infringing use on July
6    18, 2018.  Mot. at 2.  Rosen also claimed the infringement continued even after the company was
7    served with notice of this suit.  Mem. in Supp. at 7; Decl. of Barry Rosen in Support of
8    Application for Default J. ("Rosen Decl."), Ex. 2, Dkt. No. 17-14; Rosen Decl., Ex. 4, Dkt. No.
9    17-16; Rosen Decl., Ex. 5, Dkt. No. 17-17.  These allegations (now admitted) sufficiently
10   demonstrate willful infringement.

11   Nevertheless, the Court has broad discretion to determine the "amount of statutory
12   damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus
13   Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (citing *L.A. Westermann Co. v. Dispatch
14   Printing Co.*, 249 U.S. 100 (1919)).  "Courts should ensure that statutory damages awards on
15   default judgment bear[] a plausible relationship to Plaintiff's actual damages."  *Michael Grecco
16   Prods. v. Enthusiast Gaming, Inc.*, 2020 U.S. Dist. LEXIS 231648, at *27, 2020 WL 7227199, at
17   *9 (N.D. Cal. Dec. 8, 2020) (citations and internal quotation marks omitted).  Still, "[w]hile a
18   plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a
19   deterrent, [plaintiff] is not entitled to a windfall."  *Id*.

> Actual damages are often measured by the revenue that the plaintiff lost as a result of the infringement, and a claim for lost profits may include a retroactive license fee measured by what the plaintiff would have earned by licensing the infringing use to the defendant. . . . The amount the plaintiff would have earned can be estimated using benchmark licenses, or what licensors have paid for use of similar work.

*Michael Grecco Prods.*, 2020 U.S. Dist. LEXIS 231648, at *28, 2020 WL 7227199, at *10
(internal citations and quotation marks omitted).

Rosen typically licenses his photographs for one-year terms of exclusive use, with a

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
10

minimum licensing fee between $5,000 and $10,000. Mem. in Supp. at 10.

> Statutory damages, however, are larger than actual damages because[,] in addition to compensating Plaintiff, statutory damages are intended to provide a penalty against defendants and deter potential future infringement by similarly situated actors. . . . To provide a sufficient penalty and adequate deterrence, courts often use a multiple of a licensing fee in calculating statutory damages. . . . Courts have consistently held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under [17 U.S.C. § 504(c)]. . . .

*Michael Grecco Prods.*, 2020 U.S. Dist. LEXIS 231648, at *28-29, 2020 WL 7227199, at *10 (internal citations and quotation marks omitted). "However, in some cases, including those involving willful infringement, courts make higher awards." *Michael Grecco Prods.*, 2020 U.S. Dist. LEXIS 231648, at *29, 2020 WL 7227199, at *10 (citations omitted).

Here, Rosen seeks "willful statutory damages in the amount of $150,000.00, or, in the alternative, a statutory damages award of $25,000." Mem. in Supp. at 6. He argues that, due to the scarcity of his work and the willfulness of Defendant's infringement, he "believes his statutory damages to be at least $25,000.00 after considering a scarcity multiplier of five times willfulness multiplier of the (minimal) licensing fee of $5,000.00 or maximum willful statutory damages of $150,000.00." *Id*. at 10. However, the Court deems an intermediate figure to be more appropriate, as it bears a plausible relationship to Rosen's actual damages[1]. Taking Rosen's $5,000 per year licensing fee, multiplied by 2.48 years (the approximate length of time between the initial discovery of infringement on July 18, 2018 and the last-evidenced date of infringement[2] on January 7, 2021), with a three times willfulness multiplier, results in $37,200. This amount bears a plausible relationship to Rosen's actual damages because it is three times his licensing fee, a multiplier other courts have used, over the infringing period. And this amount, about one-quarter of the $150,000 statutory damages limit, does not represent a "windfall", especially when

---

[1] However, due to Defendant's failure to plead, oppose, or otherwise defend, the exact amount of actual damages is unascertainable.
[2] Rosen Decl., Exs. 2, 4, 5.

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
11

taking into account the willful nature of the infringement. Therefore, the Court awards Rosen $37,200 in damages.

### 2. Attorneys' Fees and Costs

Rosen seeks $10,430 in attorneys' fees. A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. § 505. To calculate attorneys' fees, courts multiply "the number of hours reasonably expended on the litigation" by the "reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, the calculation should include hours "reasonably expended", not hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citation omitted). The party requesting fees bears "the burden of submitting billing records to establish that the number of hours" requested are reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "Those hours [requested] may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1210 (citation omitted).

In the instant case, attorney Jonah A. Grossbardt represents Rosen. Grossbardt Decl. at 3. Grossbardt submitted to the Court an invoice, listing the time he and his staff spent on each task, the billing rates for each time block for each person, and a description of the work performed during each block. Rosen Decl., Ex. 5. The Court can therefore determine whether the time counsel and his staff spent working on this case was reasonably necessary.

Plaintiff seeks $10,430.00 in attorneys' fees, which reflects a total of 20.1 attorney hours and 7.6 staff hours spent on this matter. Grossbardt Decl. at 3. Grossbardt billed at a rate of $425 per hour for 1.2 hours and at a rate of $450 per hour for 18.9 hours. *Id.* The Court finds Grossbardt's rates reasonable, as they are in line with the prevailing rates for attorneys of similar

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
12

skill and experience appearing in this District. The hours Grossbardt spent on this case were reasonable and supported by the billing records provided.

Additionally, two paralegals (Jamie James and Collette Navasartian) assisted Grossbardt on this case, each billing at a rate of $200 for a combined total of 6.2 hours. *Id*. A prevailing party may recover reasonable paralegal fees. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). The paralegals' rates here are reasonable. And the time they spent on this case was reasonable and supported by the billing records provided, as it evidenced legitimate efforts to advance the litigation.

An office administrator (Lia DiNuzzo) also assisted Grossbardt on this case, billing at a rate of $125 per hour for 1.4 hours. Grossbardt Decl. at 3. Generally though, clerical costs are subsumed in an attorney's hourly rate. Reasonable attorneys' fees

> cannot have been meant to compensate only work performed personally by members of the bar. . . . Thus, the fee[s] must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills [their clients.]

*Missouri*, 491 U.S. at 285. Thus, this claimed clerical cost will not be awarded.

Rosen also seeks $502.50 in costs for pursuing this matter. His counsel included a breakdown of these costs in the invoice for his legal services. Rosen Decl., Ex. 5 at 9. These costs include the fee for Service of Process of the Summons and Complaint, the Complaint Filing Fee, and a courier fee for shipment of documents. These costs are reasonable. Accordingly, the Court grants Plaintiff these costs.

In summary, the Court **GRANTS** Plaintiff's request for attorneys' fees, paralegal fees, and costs, for a total of $10,757.50. The Court **DENIES** Rosen's request for office administrator fees.

### 3.     Pre-Judgment and Post-Judgment Interest

Rosen seeks pre-judgment interest at a rate of 2.43 percent, beginning on July 18, 2018, the date Defendant's infringement was first discovered, through the date of judgment. Mem. in Supp. at 12; Grossbardt Decl. at 3; Grossbardt Decl., Ex. 8, Dkt. No. 17-10.

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
13

1    Rosen also seeks post-judgment interest pursuant to 28 U.S.C. § 1961.  Under section

2 1961, "the award of post-judgment interest on a district court judgment is mandatory."  *Barnard v.*

3 *Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013).  Post-judgment interest is recoverable "on the

4 entire amount of the judgment, including damages, prejudgment interest, and attorney's fees."  *Air*

5 *Separation v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1994).  "Such interest

6 shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average

7 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal

8 Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. 1961(a).

9    Accordingly, the Court **GRANTS** Rosen's request for pre-judgment and post-

10 judgment interest.

### 4.     Injunction

12   Finally, Rosen seeks a permanent injunction against Movie Times, Inc. to prevent future

13 infringing activity.  Mot. at 2.  A court may "grant temporary and final injunctions on such terms

14 as it may deem reasonable to prevent or restrain the infringement of a copyright."  17 U.S.C. §

15 502(a).  "Generally, a showing of copyright infringement liability and the threat of future

16 violations is sufficient to warrant a permanent injunction."  *Jackson v. Sturkie*, 255 F. Supp. 2d

17 1096, 1103 (N.D. Cal. 2003) (quoting *Sega Enters. Ltd. v. MAPHIA*, 948 F. Supp. 923, 940 (N.D.

18 Cal. 1996)).  However, Rosen has failed to establish there is a continuing threat of future

19 infringement by Defendant.  With the instant motion, Rosen filed exhibits showing the infringing

20 use on Movie Times, Inc.'s website as of January 7, 2021.  Rosen Decl., Exs. 2, 4, 5.  But there is

21 no evidence of continuing infringement after January 7, 2021.  Generally, injunctions are granted

22 in cases in which the violation is continuing, or in which specific facts indicate there is a threat of

23 future infringement.  Neither situation applies to this case, so injunctive relief is not warranted.

24 Therefore, the Court **DENIES** Rosen's request for a permanent injunction.

### CONCLUSION

26   For the foregoing reasons, the Court **GRANTS** Rosen's Motion for Default Judgment.

27 The Court awards Rosen $37,200 in damages.  The Court **GRANTS** Rosen's request for

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
14

attorneys' fees, paralegal fees, and costs, for a total of $10,757.50. The Court **DENIES** Rosen's request for office administrator fees.  The Court **GRANTS** Rosen's request for pre-judgment and post-judgment interest.  And the Court **DENIES** Rosen's request for a permanent injunction.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 9, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-07043-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
15